448 So.2d 1024 (1984)
CITIZENS OF the STATE of Florida, Appellants,
v.
PUBLIC SERVICE COMMISSION, et al., Appellees.
Nos. 63306, 63401.
Supreme Court of Florida.
April 12, 1984.
*1025 Jack Shreve, Public Counsel, and Stephen Fogel, Associate Public Counsel, Tallahassee, for appellants.
William S. Bilenky, Gen. Counsel, and Carrie J. Hightman, Associate Gen. Counsel, Tallahassee, for Fla. Public Service Com'n.
Matthew M. Childs of Steel, Hector & Davis, Tallahassee, for Fla. Power & Light Co.
OVERTON, Justice.
This is a direct appeal by the Citizens of the State of Florida (Citizens) from two orders of the Florida Public Service Commission. The first order approved a project of the Florida Power & Light Company (FPL) under the Commission's Oil-Backout Cost Recovery Factor Rule (Oil-Backout Rule). The second order approved FPL's initial oil-backout cost recovery factor pursuant to an amended version of the rule. We have jurisdiction, article V, section 3(b)(2), Florida Constitution, and we affirm the orders of the Public Service Commission.
This case involves the Commission's implementation of section 366.82, Florida Statutes (1981), which was enacted to reduce the dependency of Florida utilities on oil. Subsection (2) directs the Commission to "adopt appropriate goals for increasing the efficiency of energy consumption ... including goals designed to increase the conservation of expensive resources, such as petroleum fuels." To carry out this legislative mandate, the Commission adopted the Oil-Backout Rule, Florida Administrative Code Rule 25-17.16. The purpose of the rule, which became effective on *1026 February 25, 1982, is to encourage utilities to undertake oil-backout projects. The Oil-Backout Rule encourages utilities to use fuels other than petroleum fuels by allowing utilities (1) recovery of the revenue requirements of the project through a cost recovery factor, and (2) accelerated depreciation in the amount of two-thirds of the net fuel savings associated with the project.
Under the rule as adopted, the Commission must first determine if a project qualifies for cost recovery. Although the rule requires a utility to obtain Commission approval before the construction of a proposed project, under section (3)(c) of Rule 25-17.16 the Commission may waive this prior-approval requirement. Once a project has been approved and it goes into operation, the utility may begin to recover its costs. Recovery is based on projected fuel adjustment charges for all investor-owned electric utilities on a six-month basis. Projected fuel adjustment charges are set at a hearing held two months prior to the six-month recovery period. After the six-month period, the actual costs are determined and any over-recovery is refunded to ratepayers with interest.
In 1981, before the effective date of the Oil-Backout Rule, FPL began an oil-backout project consisting of the construction of two transmission lines starting at the Florida-Georgia border and running down the east coast of Florida. The purpose of the project was to allow FPL to receive coal-fired power from the Southern Company. On March 30, 1982, FPL filed a petition with the Commission seeking qualification of this transmission line project under the Oil-Backout Rule. Both Citizens and the Florida Industrial Power Users Group (FIPUG) intervened. Hearings on the qualification of the project, which began on June 17, 1982, were suspended after two days pending the disposition of a rule-making hearing in which amendments to the Oil-Backout Rule were being considered. On August 3, 1982, the Commission completed the rule-making hearings and voted to amend that portion of the rule dealing with the calculation of the amount of additional depreciation allowed utilities. The qualification proceedings for FPL's project reconvened on July 30, 1982, and on August 3, 1982, the Commission voted to waive the prior-approval requirement and to qualify FPL's project for recovery under the initial Oil-Backout Rule. Citizens and FIPUG opposed this action, contending that the waiver of the prior-approval requirement was not supported by the evidence in the record. The order granting the waiver of the prior-approval requirement for FPL's project is the subject of the first issue on appeal.
The second issue on appeal concerns the computation of FPL's cost-recovery factor. After its project was qualified under the Oil-Backout Rule, FPL filed a petition for approval of its computation of its oil-backout factor. The Commission approved FPL's computation of its oil-backout cost recovery factor, finding that it was in accordance with the Oil-Backout Rule as amended on August 3, 1982. Citizens appealed the Commission's order on this issue, contending that it was error for the Commission to have used the amended version of the Oil-Backout Rule in calculating FPL's oil-backout cost recovery factor.
With regard to the first issue, Citizens contend that Rule 25-17.16, and particularly section (3)(c) of the rule, is devoid of any guidelines and standards to direct the Commission's action and that the decision to waive the prior-approval requirement in this case was arbitrary and capricious because the Commission failed to develop guidelines and standards in the record. We disagree. As we have stated before, "[t]he standard on review is whether competent, substantial evidence supports a Commission order." Citizens v. Public Service Commission, 425 So.2d 534, 538 (Fla. 1982) (citing Citizens v. Hawkins, 356 So.2d 254, 259 (Fla. 1978); De Groot v. Sheffield, 95 So.2d 912 (Fla. 1957)). Further, "[o]rders of the Commission come before this Court clothed with the presumption of validity." Citizens, 425 So.2d at 538 (citing General Telephone Co. v. Carter, 115 So.2d 554, 556-57 (Fla. 1959)). We *1027 find that the Oil-Backout Rule itself provides specific qualifications requirements pursuant to which the Commission determines whether a project qualifies under the rule. The waiver provision of section (3)(c) merely allows for the approval of projects under the rule where such projects were begun before the rule was adopted or before the Commission is able to act on a petition for approval, and the utility must begin the project to obtain its full benefits. Section (3)(c) has adequate guidelines and standards to safeguard against arbitrary action by the Commission. We also find that in this case the Commission's decision to waive the prior-approval requirement was supported by competent, substantial evidence. The Commission expressly found that it was necessary for FPL to begin its project prior to approval under the rule to take advantage of the availability of coal-fired electricity from the Southern Company.
Citizens' second contention, that the Commission departed from the essential requirements of the law when it allegedly retroactively applied the amended version of Rule 25-17.16(4)(a) to calculate the costs to be recovered by FPL from its ratepayers, is also not supported by the record. FPL's project was qualified under the Oil-Backout Rule when the initial cost recovery formula set out in section (4)(a) of Rule 25.17-16 was in effect. Between the time that FPL's project was qualified and FPL's initial six-month cost recovery factor was determined, the Commission amended section (4)(a). Citizens contend that the Commission's use of amended section (4)(a) in determining FPL's cost recovery factor was, in effect, retroactive ratemaking. According to Citizens, the Oil-Backout Rule is self-contained and because the initial cost recovery factor was in effect at the time that FPL's project qualified under the rule it had to be applied in this case. The Commission rejected this interpretation of its rule. It determined that under the Oil-Backout Rule two distinct processes occur. First, a project qualifies under the rule and, second, the cost recovery factor is determined. Substantial time may elapse between these first and second steps, and the cost recovery factor is subject to change. The Commission also rejected Citizens' contention that its application of the rule in this case constituted retroactive ratemaking, concluding that retroactive ratemaking only occurs when new rates are applied to prior consumption. See Gulf Power Co. v. Cresse, 410 So.2d 492 (Fla. 1982). We agree with the Commission that its application of the cost recovery factor rule in this case was not retroactive ratemaking.
The Commission's construction and application of the Oil-Backout Rule in this case was reasonable and the Commission did not depart from the essential requirements of the law in its action. Accordingly, we affirm the orders of the Public Service Commission.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, McDONALD, EHRLICH and SHAW, JJ., concur.